UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MENACHEM CHEIN on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

      -against-

R.T.R. FINANCIAL SERVICES INC.

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Menachem Chein, brings this action against R.T.R. Financial Services Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq*. ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Staten Island, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Menachem Chein

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about December 10, 2016, Defendant sent the Plaintiff a collection letter.

11. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

12. On the back of the said December 10, 2016 letter, the Defendant stated the following:

"UNLESS YOU NOTIFY RTR Financial Services, Inc., EITHER VERBALLY OR IN WRITING WITHIN 30 DAYS AFTER RECEIVING YOUR **INITIAL NOTICE** THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, RTR Financial Services, Inc. WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY RTR Financial Services, Inc. IN WRITING WITHIN 30 DAYS FROM RECEIVING YOUR **INITIAL NOTICE**, RTR Financial Services, Inc. WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUENST RTR Financial Services, Inc. IN WRITING WITHIN 30 DAYS AFTER RECEIVING YOUR **INITIAL NOTICE**, RTR Financial Services, Inc. WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR."  (emphasis added)

13. Said letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

14. Section 1692g(a) of the FDCPA provides:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3);
>
> The written notice must also contain:
>
> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4)."

15. The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the least sophisticated consumer to believe there was a prior initial written communication from Defendant.

16. The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt.

17. The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

18. The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer uncertain as to his or her rights.

19. The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to

      the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to his or her rights.

20.   The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confused Plaintiff.

21.   The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff uncertain as to his or her rights.

22.   The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff confused as to his or her rights.

23.   The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) led Plaintiff to believe there was a prior initial written communication from Defendant.

24.   The Defendant's use of the words "AFTER RECEIVING YOUR **INITIAL NOTICE**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) led Plaintiff to believe his time to dispute the debt had already passed.

25.   The Defendant's Notice implies that the thirty-day period for a consumer to dispute a debt begins at the receipt of Defendant's "**INITIAL NOTICE**" to the consumer.[1]

26.   The Notice does not however imply, that the thirty day period to dispute a debt and/or obtain verification begins at the receipt of Defendant's actual December 10, 2016 letter.

27.   The said Notice is in violation of the FDCPA as it failed to effectively and clearly convey to the Plaintiff and the unsophisticated consumer, the correct time-frame in which a

---

[1] Guerrero v. GC Servs. Ltd. P'ship, No. CV 15-7449 (DRH) (AKT), 2017 U.S. Dist. LEXIS 42884 (E.D.N.Y. Mar. 23, 2017) (". . . Section 1692g sets forth certain information that a debt collector must convey in writing to a debtor when attempting to collect a debt . . . . However, although communicating the above language to a debtor is necessary to comply with the statute, it does not follow that the provision of such language is in all cases sufficient to insulate a debt collector from liability.")

dispute need be submitted to the Defendant in order to invoke the protections of the FDCPA.

28. The Defendant's language would lead the least sophisticated consumer to assume that his option to dispute the debt, would only be in writing.

29. An unsophisticated consumer would assume from the above mentioned language, that he or she has no option to make an oral dispute.[2]

30. Said language can be reasonably read to have two or more different meanings, one of which is false.[3]

31. Defendant's letter further misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4).

32. Section 1692g(a) provides:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, **or any portion thereof**, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3);  (emphasis added.)

33. The written notice must also contain:

> a statement that if the consumer notifies the debt collector in writing … that the debt, **or any portion thereof**, is disputed, the debt collector will

---

[2] Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013) (Requiring a consumer to dispute a debt in writing violates the FDCPA.); Zengerle v. Dynia & Assocs., 2013 U.S. Dist. LEXIS 130873 (6th Cir. M.I. 2013) (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.)

[3] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

> obtain verification of the debt … and a copy of such verification … will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4). (emphasis added.)

34. In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. *Swanson,* 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." *Id*.

35. Defendant failed to send a written notice containing a statement that if Plaintiff notifies Defendant in writing, within the thirty-day period, **that the debt, or any portion thereof, is disputed**, the Defendant would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of Section 1692g(a)(4).

36. Defendant's letter failed to clearly differentiate between disputing a debt, or any portion thereof, and obtaining verification of a debt.

37. The least sophisticated debtor could be led to believe that his/her notification to the debt collector is merely in order to obtain verification of the debt, but <u>not</u> to dispute the debt.

38. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[4]

39. Defendant's December 10, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), and 1692g(a)(4) for sending a collection letter which fails to effectively provide the Validation Rights Notice required by law, for false and deceptive representations and for failing to comply with the validation notice requirements, in

---

[4] See Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002). (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.); Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

40. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

41. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

42. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

43. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

44. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

46. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

47. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

48. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages

including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

49. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. The identities of all class members are readily ascertainable from the records R.T.R. Financial Services Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

51. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of R.T.R. Financial Services Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

52. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

53. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

54. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor

her attorneys have any interests, which might cause them not to vigorously pursue this action.

55. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

        Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

56. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

57. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

59. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

60. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty-nine (59) herein with the same force and effect is if the same were set forth at length herein.

61. This cause of action is brought on behalf of Plaintiff and the members of a class.

62. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form as the letter sent to Plaintiff on or about December 10, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), and 1692g(a)(4) for sending a collection letter which fails to effectively provide the Validation Rights Notice required by law, for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

**Violations of the Fair Debt Collection Practices Act**

63. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

64. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
December 9, 2017

    /s/ Maxim Maximov
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

    /s/ Maxim Maximov
Maxim Maximov, Esq.